## BLOCK *vs.* PETER.

1. An assignment based upon the promise of the assignee to sell the property assigned and divide the proceeds among the assignor's creditors, is not without consideration.
2. Where one made an assignment for the benefit of his creditors, of "all of his goods and effects now in the store-house on Cherry street," parol evidence in regard to the circumstances attending and surrounding the assignment, was admissible, in order to explain the ambiguity as to what were the goods and effects covered by it, and to show their value.
3. In a contest between a plaintiff and garnishee, the former moved for a new trial, one ground of the motion being newly discovered evidence. In support of this, counsel made an affidavit that he had learned since the trial that the garnishee had certain property of defendant; that he obtained his information from seeing the property and from the garnishee's statements in regard to it; that diligence had been used, etc. The statements of the garnishee were not detailed:

*Held,* that the affidavit was not sufficient to support the ground.

Assignment. Contracts. Evidence. New trial. Before Judge SIMMONS. Bibb Superior Court. April Term, 1879.

Block sued Lawhon in a justice court and garnished Peter. The latter answered not indebted, and that he had

no goods in his hands belonging to the defendant; that the latter had made an assignment to him for the benefit of his creditors, and that he had the goods so assigned in trust for the purposes of the assignment. The answer was traversed. The justice rendered jugment for the plaintiff, and the garnishee appealed. On the trial in the superior court, the jury found for the garnishee. Plaintiff moved for a new trial on the following, among other grounds:

(1.) Because the court erred in allowing Peter to testify, over plaintiff's objection, to the conversation between said Peter and Lawhon and one Ellis, at the time of the execution of the deed of assignment; and especially in allowing him to state that Lawhon said at the time, " Take the books and everything; make what you can out of it. That is the only way to tell what I have got."

(2.) Because the court erred in allowing a witness (Ellis) to testify that he advised Lawhon not to turn over his books, but that Lawhon said he intended to include everything.

(3.) Because the court erred in refusing to give in charge to the jury the following written request: " To support an assignment some consideration is necessary. In the absence of a recital of a consideration, one will not be presumed. If the parties desired to make a valid assignment, it was necessary for them to have it recited in the deed."

(4.) Because the court erred in refusing to give in charge to the jury the following written request: " Where a party comes into court and sets up a claim to property under a written conveyance only, he will not, in the absence of any amendment to that effect, be heard to set up a parol conveyance of the property in question."

(5.) Because the court erred in admitting the inventory of the goods in evidence, over the objection of plaintiff's counsel. (Peter testified that the assignment was made on Saturday night; that on Monday he took an inventory of the goods assigned, which was introduced in evidence.)

(6.) Because of newly discovered testimony. (As to this ground, see the third head-note.)

The motion was overruled, and plaintiff excepted.

THOMAS WILLINGHAM, JR.; HILL & HARRIS, for plaintiff in error.

G. W. GUSTIN, for defendant.

WARNER, Chief Justice.

This case came before the court below on an appeal from a justice court on a traverse of an answer of a garnishee to a summons of garnishment served upon him. On the trial of the traverse of the garnishee's answer, the jury found a verdict in favor of the garnishee. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the plaintiff excepted.

1. The main question made on the trial of the case, was the validity of the following assignment made by Lawhon, the defendant, to Peter, the garnishee: "Georgia, Bibb county. I hereby assign all of the goods and effects now in the store-house on Cherry street to H. J. Peter, for the benefit of all my creditors, and to be sold and divided among them *pro rata*, he hereby agreeing to do the same. January 4, 1879." Signed "Alex. Lawhon, [L.S.] H. J. Peter, [L.S.]" This, in our judgment, was a good and valid assignment under the laws of the state. The promise of another is a good consideration for a promise. Code, §2744.

2. The parol evidence offered was admissible to prove all the attendant and surrounding circumstances at the time the deed of assignment was executed, for the purpose of explaining an ambiguity as to what were the goods and effects in the store-house conveyed by the deed, and to show the value thereof. Code, §2757.

3. The affidavit in regard to the newly discovered evidence does not state from whom the deponent obtained his information as to the iron safe, and does not state what were the statements of Peter in regard to it. There was no error in overruling the plaintiff's motion for a new trial upon all the grounds contained therein.

Let the judgment of the court below be affirmed.